IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Darryl Keith Louis, Jr., also known as Saddiq, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| Brian P. Stirling, Director, | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 1:24-cv-00759-BHH

**ORDER**

This matter is before the Court for review of United States Magistrate Judge Shiva V. Hodges' Report and Recommendation ("Report"). (ECF No. 25.) The Magistrate Judge recommends that the Court deny the motion for summary judgment filed by *pro se* Plaintiff Darryl Keith Louis, Jr., also known as Saddiq ("Plaintiff"), filed on April 12, 2024. (*See* ECF No. 20.) In her Report, the Magistrate Judge properly relies on Fourth Circuit law and explains that Plaintiff's motion is premature because Defendant had not yet had adequate time for discovery. (ECF No. 25 at 2-3.) The scheduling order in effect at that time was issued on April 1, 2024, and it provided for a discovery period through May 31, 2024, and a July 1, 2024, deadline for dispositive motions. (*Id.* at 2.) Thus, the record reveals that Plaintiff filed his motion for summary judgment only 11 days after the court entered the scheduling order and seven (7) weeks before discovery was scheduled to end. At the time Plaintiff filed his motion, Defendant had not yet received or reviewed Plaintiff's responses to Defendant's discovery requests, which were served on Plaintiff on April 2, 2024. (*Id.* at 2.)

Plaintiff filed timely objections, arguing that the district court should reject the Magistrate Judge's recommendation because Defendant was required to, and did not file, an affidavit under Rule 56(f), Fed. R. Civ. P., and because the Magistrate Judge issued the Report before reviewing Plaintiff's motion for extension of time to file a reply to Defendant's opposition memorandum and subsequently filed reply. (ECF No. 30.)

After a *de novo* review of the Report,[1] the Court agrees with Plaintiff that Defendant did not file an affidavit pursuant to Rule 56(f) on the ground that further discovery is necessary to adequately respond to Plaintiff's summary judgment motion. However, Defendant filed an opposition motion explaining his need for further discovery to oppose the summary judgment motion and opposing the motion on the merits. (ECF No. 21.) Thus, the Court finds that Defendant's motion served the same purpose as a Rule 56(f) affidavit. *Invs. Title Ins. Co. v. Bair*, 232 F.R.D. 254, 257 (D.S.C. 2005) (findings that "[b]ased upon the Scheduling Order and Defendant Bair's motions describing her need for additional discovery, the court concludes that summary judgment would be premature at this time"); *Harrods Ltd v. Sixty Internet Doman Names,* 302 F.3d 214, 244 (4th Cir. 2002) (holding that where eleven weeks of discovery remained on the scheduling order, and the nonmoving party failed to submit a Rule 56(f) affidavit but opposed the dismissal on the merits and informed the court of its need for more discovery, the district court erred in granting summary judgment). Accordingly, the Court finds Plaintiff's first objection is without merit.

---

[1] The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

As to Plaintiff's second objection, the Court notes that replies are generally discouraged by the Local Rules of this District. *See* Local Rule 7.07. That being said, the undersigned has reviewed Plaintiff's reply and notes that Plaintiff does not assert any new arguments therein on the issue of prematurity. (ECF No.31.) As such, Plaintiff's reply would not have had any impact on the sound reasoning of the Magistrate Judge as set forth in the Report. Thus, the Court finds Plaintiff's second objection is without merit.

For the foregoing reasons, the Court **adopts and specifically incorporates** the Magistrate Judge's Report (ECF No. 25); **overrules** Plaintiff's objections (ECF No. 30); and **denies** Plaintiff's motion for summary judgment (ECF No. 20) as premature.

**IT IS SO ORDERED.**

/s/ *Bruce Howe Hendricks*
United States District Judge

March 11, 2025
Charleston, South Carolina